IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No.25cr246 (TSC) |
| v. : | |
| : | |
| AMARION LANGSTON : | |
| : | |

*(defendant)*

**UNOPPOSED MOTION TO VACATE TRIAL DATE AND SCHEDULE A STATUS HEARING**

***COMES NOW***, Amarion Langston, through undersigned and moves this Court vacate the trial scheduled on November 17, 2025, and schedule a status hearing on October 30, or a date thereafter amenable to the Court and the parties. The following is in support of this motion:

(1) Mr. Langston is currently charged in this case in a one count indictment with a violation of 18 U.S.C. §922(g) for alleged conduct that occurred on August 16, 2025. The maximum sentence for the offense is fifteen years. There is no mandatory minimum.

(2) The prosecution recently offered an informal plea to Mr. Langston. As part of that informal plea, the prosecution informed Mr. Langston that the plea offer would expire on September 25, 2025. Once expired the prosecution would seek to supersede with an additional three charges relative to the August 16, 2025, offense as well as bring two charges for an alleged offense occurring on July 2, 2025. Although, Mr. Langston had been arrested on July 2, 2025, on a gun offense, his case was quickly no papered in Superior Court. The July 2, 2025,

offense also involves a weapon law enforcement recovered in an area in which they claim they observed Mr. Langston.  As to both the August 16 and July 2 offenses, the prosecution would seek to charge a D.C. Code offense for Unlawful Possession of a Firearm after a conviction for a crime of violence, pursuant to D.C. Code §22-4503(a)(1).  Such an offense carries a mandatory 3 year sentence.

(3) The landscape in which Mr. Langston originally did not waive the speedy trial clock and readily requested a trial date has changed significantly.  Mr. Langston now has a lot more to consider before determining whether to proceed to trial or enter a guilty plea.

(4) Additionally, the prosecution informed the defense that with the current trial date, they will move full steam ahead with obtaining the DNA results for both weapons.  One they receive the results, assuming there is a positive and maybe if all results are negative, the prosecution will not offer the same plea offer currently offered.  If the trial date is vacated, the prosecution promised to keep the plea offer open, pause the DNA testing, and allow Mr. Langston time to assess all the evidence in this case and his options.

(5) Undersigned has communicated Mr. Langston's desire to stop the speedy trial clock, vacate the trial date, and request a status hearing, to Jacob Green, Esq., counsel to the Government in this case.  Mr. Green informed undersigned that the Government does not oppose this request and will keep the plea offer open and pause the DNA testing.

(6) For these reasons, Mr. Langston now moves to vacate his trial date, schedule a status hearing on October 30, 2025, or a date thereafter, and waive his speedy trial between now and the status hearing.

Respectfully submitted,

/s/

Elita C. Amato  
D. C. Bar # 442797  
2111 Wilson Blvd., 8th Floor  
Arlington, VA 22201  
703-522-5900

**CERTIFICATE OF SERVICE**

I hereby certify that this Entry of Appearance was filed electronically through the ECF filing system on this 25th day of September 2025, thereby, providing service electronically upon all parties in this case, including Government counsel.

/s/  
Elita C. Amato